UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:03-cr-0087-WTL-KPF |
| | ) | |
| JONATHAN DOTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This matter is before the Court pursuant to the July 12, 2012 Order entered by the Honorable William T. Lawrence designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on July 11, 2012. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 9, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 9, 2012, Jonathan Dotson ("Dotson") appeared in person with appointed counsel, Gwendolyn M. Beitz. The government appeared by Cynthia J. Ridgeway and MaryAnn Mindrum, Assistant United States Attorneys. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

1. Dotson was readvised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. Dotson stipulated that he committed Violation 1, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on July 11, 2012 as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall not commit another federal, state or local crime."** |
| | On or about June 12, 2012, at 4025 Clarendon Road, Indianapolis, Marion County, Southern District of Indiana, Dotson battered by touching in a rude, insolent, or angry manner and criminally confined Willa Allen, who is or was living as if the spouse of Dotson, and further that said touching resulted in bodily injury to Willa Allen, specifically: pain and/or swelling and/or bruising. |

3. Violation 1 is alleged as a Grade B violation, pursuant to U.S.S.G. § 7B1.1(a)(2).

4. Dotson has suffered criminal convictions that yield a criminal history category of III.

5. The term of imprisonment applicable upon revocation of Dotson's supervised release, therefore, is 8-14 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

6. The parties agreed that revocation and a term of imprisonment of 10 months, to be followed by two additional years of supervised release with the standard as well as specific additional terms was an appropriate disposition of the case. Specifically: (1) Dotson shall refrain from all contact, direct or indirect, with Willa Allen; (2) Dotson shall participate and successfully complete an extended domestic violence program;

    and (3) Dotson shall refrain from use or possession of all controlled substances to include alcohol.

7. Dotson also requested, though the parties did not stipulate here, that a new probation officer continue his supervision after incarceration and requested to be returned to the facility where he was previously incarcerated.

  The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Jonathan Dotson, violated the above-delineated condition in the Petition.

  Mr. Dotson's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 10 months, with two years of supervised release to follow. While on supervised release, Dotson shall comply with the standard terms as well as the following additional terms: (1) Dotson shall refrain from all contact, direct or indirect, with Willa Allen; (2) Dotson shall participate and successfully complete an extended domestic violence program; and (3) Dotson shall refrain from use or possession of all controlled substances to include alcohol.

  The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

  The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have ten days after being served a copy of this Report and Recommendation to serve and file written objections to the

proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Dotson's supervised release and imposing a sentence of imprisonment of 10 months in the custody of the Attorney General or his designee. Further, upon Mr. Dotson's release from confinement, he will be subject to a term of supervised release of two years as set forth above.

**IT IS SO RECOMMENDED** this   11/02/2012

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Cynthia J. Ridgeway
Assistant United States Attorney
cynthia.ridgeway@usdoj.gov

Gwendolyn M. Beitz
Indiana Community Federal Defender
gwendolyn_beitz@fd.org

U. S. Parole and Probation

U. S. Marshal